UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:

FIRST NBC BANK HOLDING COMPANY,

    DEBTOR

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br> **On Behalf of its Department of the Treasury,** <br><br>     **Appellant** <br><br> vs. <br><br> **FIRST NBC BANK HOLDING COMPANY and OFFICIAL COMMITTEE OF UNSECURED CREDITORS,** <br><br>     **Appellees** | **CASE NO. 2:20-cv-01459** <br>    (BANKR. Case No. 17-11213) <br><br> **Judge Greg Gerard Guidry** <br><br> **Magistrate Judge Michael North** <br><br> On appeal from the United States Bankruptcy Court for the Eastern District of Louisiana |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS APPEAL**

MAY IT PLEASE THE COURT:

    First NBC Bank Holding Company, Appellant, hereby respectfully submits this *Memorandum in Support of its Motion to Dismiss Appeal*.

**BASIS OF MOTION AND RELIEF SOUGHT**

    This Court lacks jurisdiction to hear this appeal under 28 U.S.C. §158(a)(1) because the Opinion of which Appellant seeks review is not a final order and Appellant failed to obtain authorization for an interlocutory appeal. As this Court

lacks jurisdiction to decide the appeal, the Debtor seeks dismissal of the appeal with prejudice.

## INTRODUCTION

Pending before this Court is an appeal sought by the United States of America, acting on behalf of its Department of Treasury ("Treasury"). In the Statement of Jurisdiction, contained in its Opening Brief [Doc. 5] ("US Brief"), Treasury asserts that it is appealing the Bankruptcy Court's *opinion* ("Opinion") overruling Treasury's objection ("Confirmation Objection") to confirmation of the Debtor's chapter 11 plan. First, the Opinion is not an order – final or otherwise. Second, even under the relaxed view of final orders in the Bankruptcy context, the Opinion cannot be construed as a final order resolving the rights of the parties. Such rights were finally resolved through the *order* confirming the Debtor's Chapter 11 Plan ("Confirmation Order"). Lastly, Treasury does not seek reversal of any order of the Bankruptcy Court; but, instead seeks only (i) to reverse a *specific conclusion* reached by the Bankruptcy Court in forming its Opinion and (ii) remand of the matter to the Bankruptcy Court for further proceedings regarding Treasury's Confirmation Objection. On May 15, 2020, the Debtor's Plan was confirmed by the Bankruptcy Court through entry of the Confirmation Order, which is now a final and unappealable order. *See* Bankruptcy Docket Sheet, Exhibit A.

## LAW AND ARGUMENT

A.     <u>This Court lacks jurisdiction to hear Treasury's Appeal because the subject of the Appeal is not a judgment, order or decree.</u>

The subject of Treasury's Appeal is the *Opinion* of the Bankruptcy Court, denying Treasury's Confirmation Objection. [Bankr. Doc. 859]. "The district courts of the United States shall have jurisdiction to hear appeals

(1) From final *judgments, orders, and decrees*;

(2) From interlocutory *orders and decrees* issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and,

(3) with leave of the court, from other interlocutory *orders and decrees*;

of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title..." (emphasis added). 28 U.S.C.§ 158(a).

In support of its argument that this Court has jurisdiction over the Appeal, Treasury, citing *Thompson v. Tax Ease Funding L.P. (In re Kizzee-Jordan)*, 626 F.3d 239 (5th Cir. 2010), erroneously asserts, "an opinion overruling a confirmation objection constitutes a final, appealable order under 28 U.S.C. §158(a)(1) even if the opinion does not itself order plan confirmation." Treasury misinterprets the Fifth Circuit's holding in *Thompson*, which case involved an *order* of the Bankruptcy Court – not an opinion. *See Thompson*, 626 F.3d at 241-242.

As indicated therein, the Opinion is <u>not</u> an order, judgment or decree. The Bankruptcy Court specifically directed Appellees to submit a proposed order consistent with the findings contained in the Opinion. *See* Opinion, <u>Exhibit B</u>. In response, Appellees prepared and the Bankruptcy Court signed the Confirmation Order which addressed a multitude of issues relevant to plan confirmation, including the overruling of Treasury's Confirmation Objection. *See* Bankruptcy Docket Sheet, <u>Exhibit A</u>. Treasury failed to appeal the Confirmation Order, which order would have been ripe for appeal under 28 U.S.C. §158(a), but which is now a final and unappealable order.

    B.    <u>The Opinion cannot be considered a final order even in the context of Bankruptcy.</u>

Determining whether an order is final is a threshold question when examining this Court's jurisdiction over an appeal. In the context of bankruptcy, the analysis is viewed differently from other federal appeals: "a lower threshold for meeting the 'final judgments, orders and decrees' appealability standard" is applied. *In re Orr*, 180 F.3d 656 (5th Cir. 1999). The bankruptcy appeals statute, 11 U.S.C. §158(a), "authorizes appeals as of right not only from final judgments in cases but from 'final judgments, orders, and decrees . . . in cases and *proceedings*.'" (emphasis added). *Bullard v. Blue Hills Bank*, 135 S.Ct. 1686, 191 L.Ed.2d 621 (2015). In *Bullard*, the Supreme Court addressed the issue of defining the "immediately

appealable 'proceeding' in the context of the consideration of Chapter 13 plans". *Id.* at 135 S.Ct. at 1692. In such context, the Court held,

> *"[t]he relevant proceeding is the process of attempting to arrive at an approved plan* that would allow the bankruptcy to move forward. This is so, first and foremost, because *only plan confirmation—or case dismissal—alters the status quo and fixes the rights and obligations of the parties. When the bankruptcy court confirms a plan, its terms become binding on debtor and creditor alike. 11 U. S. C. §1327(a). Confirmation has preclusive effect, foreclosing relitigation of 'any issue actually litigated by the parties and any issue necessarily determined by the confirmation order.'* Id., citing 8 Collier ¶1327.02[1][c], at 1327–6.

These same principles concerning finality likewise hold true in the context of chapter 11 plans. *See* 7 Collier on Bankruptcy P 1129.01 (16th 2020), "Confirmation of a plan of reorganization is the statutory focus of all chapter 11 cases…..Confirmation radically changes the relationship between an estate and parties in interest. Plan confirmation discharges the debtor, revests the estate's property in the debtor and frees the estate's property from all prior claims. The only exceptions to this are those stated in the plan or in the order confirming it."

Here, through the Confirmation Objection, Treasury, as an equity interest holder, sought to defeat confirmation of the Debtor's Plan, a plan which affects numerous creditors as well as other equity interest holders. Through the Confirmation Order, the Bankruptcy Court overruled and/or resolved all objections to plan confirmation and finally determined the rights of the Debtor, its creditors and

equity interest holders. The Confirmation Order concluded the proceeding relevant to Treasury's Confirmation Objection and represents the final order from which Treasury's appeal should have been taken. As recognized by the Supreme Court, the Confirmation Order forecloses relitigation of any issue litigated by the parties. That order is now a final, unappealable order; and, as such cannot be affected by Treasury's request for "further proceedings regarding [Treasury's Confirmation] Objection". US Brief at 13.

    C.    <u>Treasury does not seek reversal of any decision of the Bankruptcy Court</u>.

Through the Appeal, Treasury does *not* seek to reverse the Bankruptcy Court's Opinion. Instead, Treasury asks this Court to "reverse the bankruptcy court's *conclusion* that the redemption obligation under the BHC Covenant was not triggered, and *remand the matter for further proceedings regarding the United States' Objection.*" US Brief at 13.

Not only does the Appeal not involve a final order of the Bankruptcy Court, but, it is evident from the relief sought by Treasury, that any outcome of the Appeal would do nothing to advance the bankruptcy case or any proceeding therein. Avoiding "delays and inefficiencies is precisely the reason for a rule of finality. It does not make much sense to define the pertinent proceeding so narrowly that the requirement of finality would do little work as a meaningful constraint on the availability of appellate review." *Bullard*, 135 S.Ct. at 1693.

**WHEREFORE**, Appellee, First NBC Bank Holding Company, prays that the appeal of Treasury be dismissed with prejudice, each party to bear its own costs; and, for such further relief as may be appropriate.

> Respectfully Submitted,
>
> /s/ Barbara B. Parsons
> William E. Steffes, LA Bar No. 12426
> Barbara B. Parsons, LA Bar No. 28714
> THE STEFFES FIRM, LLC
> 13702 Coursey Boulevard, Building 3
> Baton Rouge, Louisiana 70817
> Telephone: (225) 751-1751
> Facsimile: (225) 751-1998
> Email: bparsons@steffeslaw.com
> *Counsel for First NBC Bank Holding*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rules of Bankruptcy Procedure 8015(h), the undersigned certifies that this memorandum contains 1,378 words, and 7 pages, excluding any certificates of counsel, which is less than the limitation of 5,200 words or 20 pages.

> /s/ Barbara B. Parsons
> BARBARA B. PARSONS

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**IN RE:**

**FIRST NBC BANK HOLDING COMPANY,**

    **DEBTOR**

| | |
|---|---|
| **UNITED STATES OF AMERICA** On Behalf of its Department of the Treasury, | **CASE NO. 2:20-cv-01459** (BANKR. Case No. 17-11213) |
|     **Appellant** | **Judge Greg Gerard Guidry** |
| vs. | **Magistrate Judge Michael North** |
| **FIRST NBC BANK HOLDING COMPANY and OFFICIAL COMMITTEE OF UNSECURED CREDITORS,** | On appeal from the United States Bankruptcy Court for the Eastern District of Louisiana |
|     **Appellees** | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing *Memorandum in Support of Motion to Dismiss Appeal* has been served via this Court's CM/ECF Notification System upon all those entitled to receive notice, as shown below:

Glenn Kenneth Schreiber - glenn.schreiber@usdoj.gov, bonnie.bodenheimer@usdoj.gov, CaseView.ECF@usdoj.gov, vanessa.brown@usdoj.gov

Lloyd H. Randolph - lloyd.randolph@usdoj.gov, janice.murray@usdoj.gov, neil.peretz@usdoj.gov

Paul Douglas Stewart , Jr - dstewart@stewartrobbins.com, aleblanc@stewartrobbins.com, jdelage@stewartrobbins.com, kheard@stewartrobbins.com

Baton Rouge, Louisiana, August 27, 2020.

/s/ Barbara B. Parsons
Barbara B. Parsons